Filed 7/12/21  P. v. Tinajero CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. MARTIN JUNIOR TINAJERO, Defendant and Appellant. | F081008 (Kern Super. Ct. No. DF014978A) OPINION |

### THE COURT*

APPEAL from a judgment of the Superior Court of Kern County.  Robert Tafoya and David E. Wolf, Judges.†

James E. Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

* Before Levy, Acting P.J., Poochigian, J. and Detjen, J.

† Judge Tafoya presided over the arraignment; Judge Wolf presided over the change of plea and sentencing hearings.

## INTRODUCTION

Appellant and defendant Martin Junior Tinajero pleaded no contest to felony infliction of corporal injury to a cohabitant and was placed on probation. On appeal, his appellate counsel has filed a brief that summarizes the facts with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) We affirm.

## FACTS[1]

On January 31, 2020, defendant hit his girlfriend's face approximately 10 times with his open hand, held her tightly on both arms, and inflicted bruises. She broke free and called the police. Defendant grabbed the telephone from her, threw it on the floor, threatened to kill her if she called for help, and grabbed his girlfriend's young son by the neck. She managed to separate defendant from her son.

## PROCEDURAL BACKGROUND

On February 4, 2020, a complaint was filed in the Superior Court of Kern County charging defendant with two felony offenses: count 1, corporal injury to a cohabitant (Pen. Code, § 273.5, subd. (a));[2] and count 2, child endangerment likely to cause great bodily harm or mental suffering (§ 273a, subd. (a)).

On February 4, 2020, the court issued and personally served defendant with a criminal protective order that prohibited contact with the victims in counts 1 and 2.

**Plea**

On February 13, 2020, the court granted the prosecution's motion to amend the complaint and add count 3, misdemeanor child endangerment (§ 273a, subd. (b)).

Thereafter, defendant pleaded no contest plea to felony count 1 and the newly added misdemeanor count 3, pursuant to a negotiated disposition for probation subject to

---

[1] The facts are from the police reports, as summarized in the probation report.

[2] All further statutory citations are to the Penal Code unless otherwise indicated.

2.

certain terms and conditions.  The court granted the People's motion to dismiss felony count 2.

**Sentencing hearing**

On March 12, 2020, the court held the sentencing hearing.  In count 1, felony corporal injury, the court placed defendant on probation for three years subject to certain terms and conditions, including serving 180 days in county jail and completing a substance abuse program, a 52-week batterer's program, and a 52-week child abuser's program; the court stayed the requirement for the child abuser's program pending completion of the batterer's program.

In count 3, misdemeanor child endangerment, the court placed defendant on probation for four years, with a concurrent jail term of 180 days.

Defense counsel objected to imposing the child abuser's class as a condition of felony count 1, and argued it was more appropriate to impose it as a condition of misdemeanor count 3, child endangerment.  Counsel asserted defendant faced the possibility of state prison if he was found in violation of probation for felony count 1.  The court overruled defense counsel's objection and found the probation condition was reasonably related to count 1.  The court further stated:  "If we get to the point where felony probation is terminated and we still have misdemeanor probation, we can talk about switching those," and "I would not violate somebody unless I found that the failure to do so was willful."[3]

---

[3] "The sentencing court has broad discretion to determine whether an eligible defendant is suitable for probation and what conditions should be imposed….  Most conditions … stem from the sentencing court's general authority to impose any 'reasonable' conditions that it 'may determine' is 'fitting and proper to the end that justice may be done ....'  [Citation.]"  (*People v. Welch* (1993) 5 Cal.4th 228, 233.)  "[P]robation conditions which regulate conduct 'not itself criminal' must be 'reasonably related to the crime of which the defendant was convicted or to future criminality.'  [Citation.]"  (*Id.* at pp. 233–234.)

As to count 3, section 273a, subdivision (c) requires that when a person convicted of violating this section is placed on probation, he or she must complete a child abuser's

The court issued and personally served defendant with a protective order prohibiting contact with the victims in counts 1 and 3 for 10 years (§ 273.5, subd. (j)).

As to count 1, the court imposed a $500 domestic violence fine (§ 1203.097, subd. (a)(5)). As to both counts, the court imposed a restitution fine of $300 (§ 1202.4, subd. (b)) and suspended the probation revocation fine in the same amount (§ 1202.44), with victim restitution in an amount to be determined (§ 1202.4, subd. (f)). The court also imposed court operations assessments of $80 (§ 1465.8) and criminal conviction assessments of $60 (Govt. Code, § 70373).

The public defender's office requested an order for reimbursement of attorney fees for $362. The court asked defendant if he objected. Defendant said no, and the court imposed the order.

On March 20, 2020, defendant filed a timely notice of appeal.

## DISCUSSION

As noted above, defendant's counsel has filed a *Wende* brief with this court. The brief also includes the declaration of appellate counsel indicating that defendant was advised he could file his own brief with this court. By letter on December 1, 2020, we invited defendant to submit additional briefing. To date, he has not done so.

After independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## DISPOSITION

The judgment is affirmed.

---

treatment program of no less than one year as a minimum condition of probation, but that condition may be waived if the court finds it would not be in the interest of justice and states on the record the reason for that waiver.

The court did not abuse its discretion in deciding to waive this condition for count 3, and instead impose it as a condition of count 1, defendant's infliction of corporal injury to the mother of that child because it was reasonably related to that conviction.

4.